# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Patricia Boyer<br>615 Five Points East Road<br>Mansfield, OH 44903<br><br>Plaintiff,<br><br>-vs.-<br><br>Aetna Medicaid Administrators, LLC<br>c/o CT Corporation System<br>3800 N. Central Avenue<br>Suite 460<br>Phoenix, AZ 85012<br><br>Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR RELIGIOUS DISCRIMINATION UNDER 42 U.S.C. § 2000e,** *et seq.*<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff, Patricia Boyer, through her attorneys, and for her Complaint against Defendant, AETNA MEDICAID ADMINISTRATORS, LLC. ("AETNA"), states as follows:

## INTRODUCTION

1. Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII") by failing to provide Plaintiff with required religious accommodation and by failing to engage in an interactive process to determine and provide reasonable accommodation.

2. This suit seeks to remedy Defendant's statutory violations and discrimination against Plaintiff who requested a religious accommodation from Defendant's mandate that employees receive the COVID-19 vaccine.

3. Rather than comply with its obligations under Title VII, Defendant threatened to terminate Plaintiff if she did not get vaccinated for COVID-19 and terminated Plaintiff for failure to do so.

4. Defendant's statutory violations, discrimination, and retaliation left Plaintiff with the

choice of receiving the COVID-19 vaccine in violation of her sincerely held religious beliefs or losing her job.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of the claims and defenses under 28 U.S.C. § 1331 as it involves a federal question under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. ("Title VII").  Further this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1391(c)(2) and (d).

6. Venue is proper in this district as one or more of Defendant(s)' acts and those events complained of occurred within the Northern Judicial District of Ohio's Eastern Division under 28 U.S.C. §1391.

## PARTIES

7. Plaintiff PATTY BOYER ("Boyer") is an individual residing in Richland County, Ohio.

8. Defendant AETNA MEDICAID ADMINISTRATORS, LLC. is an entity incorporated in the State of Arizona with its registered office at 3800 N. Central Avenue, Suite 460, Phoenix, Arizona 85012.

## STATEMENT OF THE FACTS

9. Plaintiff was hired in April 2015 and worked for Defendant for over six and a half years as an RN Case Manager.  At the time of her termination on November 30, 2021, Plaintiff was sixty-four (64) years of age.  Plaintiff carried out her job responsibilities in an excellent way.  Defendant never disciplined Plaintiff for any reason before Plaintiff's assertion of her religious rights as it pertained to the COVID-19 vaccinations.

10. In October 2021, Plaintiff completed and submitted the Request for Religious Belief,

Practice or Observation Accommodation form ("Accommodation Application") provided by Defendant in response to Defendant's requirement that all employees receive the COVID-19 vaccinations as a condition of employment. Defendant stated it would grant legally protected religious and medical exemptions.

11. In the introductory explanation of the Accommodation Application, it states that "When submitting your request for accommodation, please consider the following: "As part of the evaluation process, the Company may request a meeting with you to evaluate available any alternative accommodations in order to agree on a reasonable accommodation that is satisfactory for you and the Company. If you refuse to participate in a meeting, without valid justification, this could impact whether your accommodation can be refused." The Accommodation Application goes on to make statements about the timing of requests and that any accommodation given is not permanent.

12. Item 1 on the Accommodation Application states: "Please specify your Religious Belief or Practice for which you are requiring an accommodation." The Accommodation Application provides only one blank line to respond to Item 1.

13. Despite the limited space for Item 1 on the Accommodation Application, Plaintiff responded, "My strongly held religious conviction/belief does not support, justify, condone (directly or indirectly) [sic] from innocent human life by abortion, and that to do so is sinning against God!"

14. Nothing in the Accommodation Application explains what is required by Defendant to qualify as a "religious belief," nor is there any description of the process if Defendant should take the position that Plaintiff's Accommodation Application insufficiently described how Plaintiff's religious belief conflicted with taking the COVID-19 vaccinations.

15. On October 31, 2021, Plaintiff received the denial of her religious accommodation with the statement that she had failed to describe why her religious beliefs were contrary to receiving the COVID-19 vaccinations. The email also stated that the decision was final and not subject to any reconsideration.

16. The same day, November 3, 2021, Plaintiff was contacted by her manager, Christie Haney informing Plaintiff she had until November 30, 2021 to become vaccinated or she would be terminated.

17. Plaintiff, who vehemently disagreed with Defendant's flippant dismissal of her sincerely held religious beliefs and that she had not explained how her religious beliefs conflicted with her receiving the COVID-19 vaccinations, immediately requested her request be reconsidered and reminded the Defendant that she had not been given any guidance on what was expected by Defendant to qualify as sufficient description of her religious beliefs and reminded Defendant that her statement applied to the COVID-19 vaccinations and how such beliefs were contrary to Plaintiff receiving them. It was as though Defendant expected Plaintiff to meet the elements of a specific, unspoken formula. When Plaintiff did not, Defendant took that opportunity to attack Plaintiff's stated religious beliefs as not thorough enough (even though she was only given one line to explain) and deny her accommodation with no further inquiry or consideration.

18. During the pendency of the religious accommodation request reconsideration, Plaintiff did her best to comply with highly intrusive, discriminatory and harassing twice-weekly COVID-19 testing protocols. Plaintiff had to take a COVID-19 test while being proctored via a WebEx call in addition to taking a photograph of the test, emailing it, uploading it to her computer and a company portal ("Testing Protocols"). Defendant, to Plaintiff's knowledge and belief, only

required the Testing Protocols for unvaccinated employees.

19. Additionally, Plaintiff's manager, Christie Haney, during the pendency of Plaintiff's request for accommodation engaged in harassing behavior on more than one occasion asking Plaintiff what her decision was regarding the COVID-19 vaccinations.

20. On November 9, 2022, Defendant once again made a wholesale denial of Plaintiff's religious accommodation request without ever seeking further clarification from Plaintiff. Instead, Defendant doubled down and inappropriately, in violation of clearly established religious accommodation rules, remained entrenched in its initial position that Plaintiff had failed to state why her religious beliefs were contrary to receiving the COVID-19 vaccinations despite the obvious implication that Plaintiff's religious statement was speaking to receiving such vaccinations because the Accommodation Application itself was to be completed by employees with that very purpose in mind.

21. Defendant made no serious attempt to accommodate Plaintiff.

22. Further, Plaintiff, to stay employed with Defendant, had applied for a different position which would let her work from home full time ("At-Home Position"). Plaintiff interviewed for the At-Home Position and the supervisor informed Plaintiff she was fully qualified for such position and the selection process was down to one of two candidates. Despite being qualified for the position and in need of a reasonable accommodation, Defendant never explained to Plaintiff that she did not receive the At-Home Position and instead Defendant let the November 30, 2021 deadline pass and terminated Plaintiff.

23. Plaintiff filed a Charge of Discrimination with the EEOC, (EEOC Charge Number 532-2022-00752).

24. On October 26, 2022, the EEOC issued a "right to sue" letter to Plaintiff. This action is

filed pursuant thereto.

## STATEMENT OF THE CLAIMS

### COUNT I

### Religious Discrimination – Failure to Accommodate Title VII

25. Plaintiff repeats and re-alleges the foregoing allegations in preceding paragraphs as if fully restated herein.

26. Plaintiff is protected under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e- 2 *et seq*.) from discrimination in the workplace based on her religion. The statute states that it is an unlawful employment practice "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2.

27. Defendant is Plaintiff's "employer" under Title VII and falls within the jurisdiction of the statute. The statute states that "employer" means a person engaged in an industry affecting commerce with fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person. 42 U.S.C. §2000e.

28. Plaintiff holds sincere religious beliefs that preclude her from receiving a COVID-19 vaccines.

29. Plaintiff informed Defendant of those beliefs and requested accommodation from the vaccine on religious grounds.

30. Defendant did not engage in an interactive process with Plaintiff regarding her request for religious accommodation. Defendant responded to Plaintiff's accommodation request and

repeated attempts at resolution with a blanket denial never allowing Plaintiff to clarify and specify that her statement of her religious objection did in fact apply to her receiving the COVID-19 vaccines. Defendant explored no form of reasonable accommodation recommended under EEOC guidelines such as periodic testing, wearing a mask and/or socially distancing even though Plaintiff had followed such safety requirements throughout the pandemic. Defendant further ignored the potential accommodation such as selecting Plaintiff for another position for which she was qualified.

31. Defendant failed to provide Plaintiff with reasonable accommodations for her sincerely held religious beliefs.

32. Defendant discriminated against Plaintiff because of her religious beliefs.

33. Defendant's failure to provide religious accommodations has harmed and will continue to harm Plaintiff.

34. By failing to engage in the interactive process or offer any reasonable accommodation, Defendant's discriminatory actions were intentional and/or reckless and in violation of Title VII.

## COUNT II

### Hostile Work Environment based on Religion – Title VII

35. Plaintiff repeats and re-alleges the foregoing allegations in the preceding paragraphs as if fully restated herein.

36. Plaintiff is protected by Title VII from harassment based on her religion in her workplace. 42 U.S.C. §2000e-2.

37. Defendant is Plaintiff's employer under Title VII.

38. Plaintiff was subject to harassment based on her religion from Defendant, which subjected her to terms and conditions of her employment different from those of people of

7

different religions which ultimately led to her termination. This harassment was pervasive, chronic and severe and constitutes a hostile workplace.

39.     The hostile environment includes being treated differently and being subject to onerous testing protocols and repeated harassment asking when she would cave (and violate her sincere religious beliefs).

40.     Plaintiff was at all relevant times qualified to perform the duties of the RN Case Manager position and the newly applied for position she was never given before her termination.

41.     Because of Defendant's willful violations of Title VII, Plaintiff was damaged and is entitled to recover compensatory damages, back and front pay, damages for emotional trauma and distress, punitive damages, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest.

## COUNT III

### Retaliation – Title VII

42.     Plaintiff repeats and re-alleges the foregoing allegations in the preceding paragraphs as if fully set forth herein.

43.     Plaintiff engaged in protected activity when she requested a religious accommodation from the COVID-19 vaccines.

44.     Defendant did not provide for any appeal process of Plaintiff's denial of her religious accommodation request.

45.     Plaintiff's religious beliefs and protected activity were the causes of Defendant's adverse employment action. Defendant did not bother engaging in an interactive process with Plaintiff because Defendant never intended to provide accommodations even if it conflicted with Plaintiff's sincerely held religious beliefs.

46. 42 U.S.C. 2000e-3(a) makes it unlawful for any person to retaliate against an employee who has opposed a discriminatory practice. Under 42 U.S.C. §2000e-3: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicant for employment, for an employment agency . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

47. Defendant impermissibly took an adverse employment action against Plaintiff, including wrongfully terminating her and denying her financial compensation.

48. Defendant's actions are unlawful retaliation in violation of Title VII.

49. Defendant lacked any justification for the adverse employment actions taken against Plaintiff, and the actions were neither based on job-related rational nor consistent with business necessity.

50. Defendant's discrimination against Plaintiff was intentional and was performed with malice, willfulness, and reckless indifference to Plaintiff's protected civil rights.

51. Any justification offered by Defendant for its adverse employment actions is either false or insufficient to support the nature of the adverse employment actions taken.

52. By the aforesaid acts and conduct of Defendant, Plaintiff has been directly and legally caused to suffer actual damages, as set out more fully below, including compensatory damages, back pay, front pay, compensation for benefits, past and future medical and counseling expenses, damages for emotional trauma and distress, interest, and reasonable attorneys' fees and costs of the action under 42 U.S.C. §2000e-5(k).

53. Because of Defendant's intentional violation of the Title VII rights of Plaintiff, she has

suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life, entitling her to compensatory damages.

54. The events described here justify an award of punitive damages under Title VII.

## COUNT IV

### Age Discrimination - ADEA

55. Plaintiff repeats and re-alleges the foregoing allegations in the preceding paragraphs as if fully set forth herein.

56. Defendant violated the Age Discrimination in Employment Act (ADEA) 29, U.S.C. §621 et. seq. when it did not select Plaintiff for the position for which she applied and was qualified for.

## COUNT V

### Violation of R.C. § 4112.02 - Religious Discrimination in Employment

57. Plaintiff repeats and re-alleges the foregoing allegations in the preceding paragraphs as if fully set forth herein.

58. Ohio Revised Code Section 4112.02 prohibits employment discrimination based on religion.

59. Defendant violated Ohio's Anti-Discrimination law when it terminated Plaintiff due to her religious objections to the Covid-19 vaccines.

60. Defendant has reasonable alternatives available that could have been offered to accommodate Plaintiff's religious beliefs, but Defendant refused Plaintiff those accommodations.

61. Defendant discriminated against Plaintiff because of her religion. Defendant's failure to provide reasonable accommodations harmed and continues to harm Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court grant the following relief against Defendant:

A. Make Plaintiff whole by awarding damages for front and back pay; awarding Plaintiff compensatory damages, including but not limited to damages for emotional pain and suffering; awarding Plaintiff pre-and post-judgment interest;

B. Award Plaintiff reasonable attorneys' fees and costs incurred in pursuing this claim; and,

C. Grant such other and necessary relief as is appropriate.

Respectfully submitted,

**MENDENHALL LAW GROUP**

/s/ Warner Mendenhall
Warner Mendenhall (0070165)
Brian Unger (0096884)
190 North Union St., Suite 201
Akron, OH 44304
330.535.9160; f 330.762.9743
warner@warnermendenhall.com
brian@warnermendenhall.com

**DISABLED RIGHTS ADVOCATES, PLLC**

Dawn M. Uballe (Texas Bar No. 24053505)
(*pro hac vice* application forthcoming)
600 17th Street
Suite 2800 South
Denver, CO 80202
(254) 855-8866
dawn@dradvocates.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all claims that may be so tried.

/s/ Warner Mendenhall
Warner Mendenhall (0070165)
